**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Tyrone Swinton
               Plaintiff(s),

v.

The City of New York,

"Jane Doe" And "John Doe" 1-10 Inclusive;
               Defendant(s)

08 CIV 3874

CIVIL ACTION NO.
COMPLAINT AND

Jury Trial Demand

    TAKE NOTICE, the Plaintiff, Tyrone Swinton, hereby appears in this action by his attorneys, The Law Office of Uwem Umoh Esq., and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Tyrone Swinton, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendants were in the process of administering their duties as police officers.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Tyrone Swinton resides in Queens County, and is a resident of the State of New York.

7. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers employed by the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants.

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. On or about March 13, 2007, while lawfully walking down the street in Manhattan, plaintiff was assaulted by police officer, using his horse as a weapon.

11. The horse trampled on plaintiff's feet and face, resulting in serious physical injuries.

12. The officers subsequently arrested plaintiff, held him for an unreasonable amount of time, before releasing him.

13. Plaintiff was never charged with any crime.

14. The officers never gave plaintiff a proper explanation for the attack.

15. After the attack, plaintiff several hours in the hospital before being released.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

18. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

19. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case,

to engage in unlawful conduct.

20. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other thereby causing and encouraging defendants in this case, to engage in unlawful conduct.

21. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C. Section 1983-against all Defendants

22. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

23. By displaying deliberate indifference to plaintiff during his assault, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

24. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

25. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective duties. Defendants acted

willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

27. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

28. By displaying deliberate indifference to plaintiff during his assault, defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

29. In addition, the Defendant conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

30. The Defendants acted under pretense and color of state law and in their individual and official capacities.

31. Defendants, their, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

### Intentional Infliction of Emotional Distress-all Defendants

33. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

34. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

35. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants.

36. Defendants, their agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by Plaintiff at the hands of the Defendants and security guards, defendant City of New York, as employer of the , is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

38. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

39. Upon information and belief, defendant City of New York, through the police officers, owed a duty of care to plaintiff not to unjustly harm him.

40. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

41. Upon information and belief, defendant City of New York, negligence in hiring and retaining the Defendants proximately caused Plaintiff's injuries.

42. Upon information and belief, because of the defendants, negligent hiring and retention of the aforementioned parties, Plaintiff incurred significant and lasting injuries.

### AS A FIFTH CAUSE OF ACTION:

Negligence against all defendants.

43. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

44. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

45. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

46. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants

as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:
April 24, 2008

Brooklyn, New York

                        Respectfully Submitted

By:    NKEREUWEM UMOH Esq. [NU-7233]
        255 Livingston Street,
        4th Floor
        Brooklyn, New York 11217
        Tel. No.    : (718) 360-0527
        Fax No.    : (718) 360-1916

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================

Tyrone Swinton

,

        Plaintiff,

v.

The City of New York,
AND DOES 1-10 INCLUSIVE

        Defendants
==================================================
**SUMMONS AND COMPLAINT**
==================================================

**Nkereuwem Umoh, Esq.
Attorney for Plaintiff
255 Livingston Street-4th Floor
Brooklyn, NY 11217
(718) 360-0527**
==================================================

**To:**　　　　　　　　　　　　　　　　　**Service of a copy of the within
is hereby admitted.**

　　　　　　　　　　　　　　　　　　　　**Dated: 11/02/2007**