**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------- x

TYRONE SWINTON,

Plaintiff,

-against-

THE CITY OF NEW YORk, "JANE DOE" AND
"JOHN DOE" 1-10 INCLUSIVE,

Defendants.

---------------------------------------------------------------------- x

**ANSWER OF DEFENDANT**
**CITY OF NEW YORK**

08 Civ. 3874 (WHP)

JURY TRIAL DEMANDED

Defendant City of New York ("City"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.

1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to seek relief as stated therein.

3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.    Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.    Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation.

9.   Asserts that plaintiff's complaint does not contain a paragraph labeled "9".

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

28. Denies the allegations set forth in the second paragraph labeled "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

47. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

48. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

49. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

51. There was probable cause for plaintiff's detention and arrest, if any.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

52. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

53. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e and 50-i.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

54. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              August 4, 2008


                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for Defendant City
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 788-0906


                                  By:  _____/s/_____

                                       Shawn D. Fabian (SF4606)
                                       Assistant Corporation Counsel
                                       Special Federal Litigation Division


To:    Nkereuwem Umoh, Esq. (By ECF and First Class Mail)
       Law Office of Uwem Umoh, Esq.
       *Attorney for Plaintiff*
       255 Livingston Street, 4th Floor
       Brooklyn, New York 11217


- 6 -

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On August 4, 2008, I served the annexed "**ANSWER OF DEFENDANT CITY OF NEW YORK**," upon Nkereuwem Umoh, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

> Nkereuwem Umoh, Esq.
> Law Office of Uwem Umoh, Esq.
> 255 Livingston Street, 4th Floor
> Brooklyn, New York 11217

being the address designated by plaintiff for that purpose.

Dated: New York, New York
      August 4, 2008

/s/
_____
SHAWN D. FABIAN
ASSISTANT CORPORATION COUNSEL
